**Scott W. Wert**
Texas Bar No. 00794835
**The Buckley Law Group**
701 W. Belknap
Fort Worth, Texas 76102
Tel: 281-719-9312
Fax: 281-719-9307

**L. James Krell**
Texas Bar No. 24072191
**Ron S. Rainey**
Texas Bar No. 16484425
**Tritico Rainey, PLLC**
1523 Yale Street
Houston, Texas 77008
Telephone: 713-581-3399
Fax:  713-581-3360
Email: jkrell@triticorainey.com

# UNITED STATES DISTRICT COURT

# FOR THE

# SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| **Jeffrey W. Terry** ) | | |
| **On behalf of himself and all others** ) | | Case No. |
| **similary situated** ) | | |
|     Plaintiff, ) | | **4:17-cv-367** |
| ) | | |
| vs. ) | | **CIVIL COMPLAINT** |
| ) | | |
| **CHICAGO BRIDGE & IRON** ) | | |
| **COMPANY (DELAWARE), a/k/a** ) | | |
| **CB&I and CB&I, INC., and** ) | | |
| **STONE & WEBSTER** ) | | |
| **CONSTUCTION SERVICES,** ) | | |
| **LLC** ) | | **Jury Trial Requested** |
| | | |
|     **Defendants.** | | |

Plaintiff's Original Complaint for Declaratory Relief, Certification of Collective Action, and Damages

# COMPLAINT FOR DECLARATORY RELIEF, CERTIFICATION OF A FEDERAL FLSA COLLECTIVE ACTION, AND DAMAGES

Plaintiff, **JEFFREY W. TERRY** moves for judgment against Defendants, **CHICAGO BRIDGE & IRON COMPANY (DELAWARE), a/k/a CB&I and CB&I, INC.** (hereinafter "CB&I)**, and STONE & WEBSTER CONSTUCTION SERVICES, LLC** (hereinafter "Stone"), collectively referred to as "Defendants," for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and hereby states and alleges as follows:

## INTRODUCTION

1. This action is brought pursuant to the FLSA § 216(b) on behalf of Plaintiff and all similarly situated safety supervisors and plant workers currently and previously employed by Defendants for purposes of obtaining relief under the FLSA, 29 U.S.C. §201, *et seq.* for unpaid wages, overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. This action is brought against each of the Defendants individually and each of its respective divisions, subsidiaries and affiliates, however constituted, including but not limited to any employer of the Plaintiff, all doing a portion of their business in Texas.

3. Defendants, each through itself individually, or other unknown entities, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of the Plaintiff.  In

the alternative, Defendants, each individually, and each of its respective divisions, subsidiaries or affiliates, however constituted for the office locations at issue, was the employer of the Plaintiff and it commonly controlled the terms of compensation and employment of Plaintiff.

4. Plaintiff worked for Defendant in LaPorte, Texas as a Safety Supervisor Plant Worker, beginning on or around February 22, 2016 until May, 2016.

5. Plaintiff was hired at an hourly rate of $38.00 per hour.

## JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendant operates in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in the district.

8. At all times pertinent to this Complaint, Defendant, in conjunction with its respective divisions, subsidiaries or affiliates of their Texas location(s) in the United States, however such divisions, subsidiaries or affiliates are constituted, has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and

203(s). The annual gross sales volume of Defendant exceeds $500,000.00 per annum.

9. The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

10. Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

## PARTIES

11. Defendant operates a company that provides services to the petrochemical industry which is located in the City of LaPorte, Texas.  It is believed that CB&I is the parent company to Stone.

12. Plaintiff Jeffrey W. Terry was an employee of Defendants.  Plaintiff brings this case individually and on behalf of all other plant workers who have filed, or will file, a 29 U.S.C. §216(b) notice of consent to sue and/or opt-in to this case. Plaintiff bring this putative collective action on behalf of all plant workers who have been improperly denied overtime pay by Defendants at any time within the three years prior to the filing of this Complaint through the final disposition of this action, who were, are, or will be eligible for but did not receive overtime compensation under the FLSA at

a rate equal to one-and-one-half times their regular rates of pay. Plaintiffs will more specifically define their claims and class for notice purposes in a §216(b) motion for certification of an FLSA collective action.

13. Pursuant to 29 U.S.C. §216(b), this is an appropriate collective or representative action, sometimes also referred to as an "opt-in class action." For example, Plaintiffs and all similarly situated employees of Defendants are subject to the same misclassifications, practices, policies and decisions by Defendants and, consequently, these employees are all entitled to receive additional overtime pay under the FLSA. Plaintiff will more specifically define the claims and class for notice purposes in a subsequent FLSA §216(b) collective action motion.

14. Plaintiff Jeffrey W. Terry is a resident of and is domiciled in the County of Brazoria in the State of Texas.

## COUNT 1
## Violation of the Fair Labor Standards Act of 1938

15. At all times during Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee. Plaintiff does not meet the exemptions outlined in § 213(a)(1) of the FLSA because he did not work in a bona fide executive, administrative, or professional capacity while employed by Defendant.

16. Plaintiff does not meet the exemption outline in § 213(b)(1) of the FLSA because the transportation involved in his duties did not involve interstate or foreign commerce.

17. Plaintiff worked as a Safety Supervisor for Defendant in various petrochemical plants.

18. Plaintiff regularly worked in excess of forty (40) hours per workweek but did not receive one and one-half times Plaintiff's regular rate of pay for all hours worked over forty (40) in every workweek for the duration of his employment with Defendant.

19. Plaintiff was paid straight time for the hours he worked over forty (40) in a workweek.

20. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

21. Defendants violated the FLSA by failing to pay Plaintiff overtime wages for all hours worked over forty (40) in every workweek.

22. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to the Plaintiff.  Accordingly, the Plaintiff must be paid overtime pay in accordance with the FLSA.

23. Defendants' failure to appropriately pay the Plaintiff under the law was willfully perpetrated.  Defendants have not acted in good faith nor with reasonable grounds to believe their actions or omissions were not a violation of the FLSA.

24. Plaintiff is entitled to damages equal to the mandated unpaid overtime premium pay for the two years preceding the filing of his Complaint.

25. Plaintiff is also entitled to recover an award of liquidated damages in an amount equal to double the amount of his unpaid overtime premium pay for the three years preceding the filing of this Complaint pursuant to the FLSA, 29 U.S.C. § 216(b).

26. Pursuant to 29 U.S.C. § 216(b), the Plaintiff also is entitled to reimbursement of his costs and attorneys' fees expended in successfully prosecuting this action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiff the following relief;

a. Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2201, declaring that Defendant's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

b. Issue and Order directing and requiring each Defendant to pay Plaintiff damages in the form of reimbursement for unpaid overtime wages for all time spent in excess of 40 hours per week performing compensable work for which Plaintiff was not paid pursuant to the rate provided by the FLSA;

   c. Issue an Order directing and requiring each Defendant to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of overtime wages owed to him;

   d. Issue an Order directing each Defendant to pay Plaintiff his costs and attorney's fees expended in the course of litigating this action;

   e. Provide Plaintiff with such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

Dated:  February 7, 2017

                                        Respectfully submitted,

                                        Scott W. Wert
                                        The Buckley Law Group

                             By:  _____
                                        Scott Wert

                                        **ATTORNEYS FOR PLAINTIFFS**